IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEREMY MCCULLOUGH,** | * |
| *Plaintiff*, | * |
| v. | |
| | *     Civil Case No.: JMC-24-1982 |
| **SHANAI WOODARD,** *et al.*, | |
| | * |
| *Defendants*. | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the above-captioned civil Complaint on July 9, 2024. (ECF No. 1). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

There are two primary grounds for federal subject matter jurisdiction: diversity jurisdiction and federal question jurisdiction. Here, both Plaintiff and Defendants are residents of Maryland, (ECF No. 1 at 2-3); thus, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332. Instead, Plaintiff has indicated that the basis for jurisdiction is federal question. (ECF No. 1 at 4). When prompted to identify the "specific federal statutes, federal treaties, and/or provisions of the United

States Constitution that are at issue," Plaintiff lists intentional infliction of emotional distress (IIED), tortious interference with parental rights, and defamation. *Id.* Plaintiff fails to establish the existence of a federal question and no alternative basis for subject matter jurisdiction appears from the face of the Complaint. *See Hohal v. Tangorre*, No. ELH-16-1893, 2016 WL 4889264, at *5 (D. Md. Sept. 15, 2016) (finding no federal question jurisdiction where "[p]laintiffs allege defamation, a claim which sounds entirely in state law."); *Alston v. Balt. Gas & Elec. Co.*, No. ELH-22-1061, 2023 WL 1472020, at *18 (D. Md. Feb. 1, 2023) (characterizing the plaintiff's IIED claim as a state law tort claim); *Doe v. Mast*, No. 3:22-cv-00049, 2024 WL 3524070, at *16-18 (W.D. Va. July 24, 2024 (holding "federal question jurisdiction does not exist" in matter involving tortious interference with parental rights claim); *Fiscus v. Salazar*, No. 2021 WL 4226132 at *3,*4 n.25 (noting the "[p]laintiff [] has not established federal question jurisdiction" with respect to multiple claims, including tortious interference with parental rights).

Plaintiff will be granted 21 days to amend the Complaint to establish the existence of subject matter jurisdiction. Failure to respond within the time provided or adequately allege the existence of subject matter jurisdiction will result in dismissal of the Complaint without prejudice and without further notice.

Accordingly, it is this <u>17th</u> day of October, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff IS GRANTED 21 days to supplement the Complaint with information demonstrating the existence of subject matter jurisdiction;

2. Plaintiff IS CAUTIONED that failure to supplement the Complaint within the time provided will result in dismissal of the Complaint without prejudice and without further notice from the Court;

3. The deadlines set forth in this Court's Proposed Scheduling Order (ECF No. 21) are STAYED; and

4. The Clerk IS DIRECTED to mail a copy of this Order to Plaintiff and Defendants.

/s/
_____
J. Mark Coulson
United States Magistrate Judge